| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Rosa Rodriguez, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | Civil Action H-12-501 |
| | § | |
| City of Houston, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

An off-duty, drunk policeman intervened in a brawl outside of a bar. He shot two men, killing one of them. The men have sued the policeman, the city, and the bar.

In an ordinance and two general orders, the city told its policemen not to exercise their authority when they have had alcohol. The men will take nothing from the city because it is not responsible for the policeman's disregard of its rule.

The bar's motion for judgment, however, will be denied. The doorman and a bartender testified that the policeman was slurring his speech and stumbling. A juror could reasonably conclude that it kept serving him drinks despite knowing he was dangerous to others.

2. *Background.*

On February 18, 2011, Jose Coronado – an off-duty policeman for the City of Houston – shot Omar and Rolando Ventura, killing Omar and wounding Rolando's arm.

Before the shooting, Omar and Rolando had been at Sherlock's Pub with Omar's wife, Rosa Rodriguez, and friends. When the bar closed, they noticed that their friend, Karla Cantu, was being harassed in the parking lot. After intervening to protect Cantu, Omar and Rolando scuffled with her assailant near her car.

Coronado was at Sherlock's Pub celebrating his highschool reunion. He carried his Ruger – a .380-caliber, semi-automatic pistol – in his waistband. He cannot recall how much he drank. He says that he had mostly beer from pitchers that he shared with friends, but he did buy a few shots of whiskey from the bar as well.

Immediately before leaving, Coronado had one or two shots of whiskey and chugged his last beer. When the doorman would not let him take his beer with him, he sarcastically dared him to call the police. At the time of the shooting, his blood-alcohol content was approximately .11 – legally drunk. The doorman, William Swick, and a bartender, Lauren Gilmore, testified that Coronado had glassy eyes and slurred speech.

In the parking lot around 2:00 a.m., Coronado noticed the commotion near Cantu's car. He says that he identified himself as a policeman, but the Venturas attacked him. According to Rolando, Coronado did not say that he was a policeman. He joined the scuffle by punching him in the face.

Although the parties disagree about what happened before the shooting, they all agree that, shortly after intervening, Coronado shot Omar and Rolando. Omar died at the hospital a few hours later.

Rolando Ventura, Rosa Rodriguez, Cristina Martinez, and Wilfredo Ventura have sued the City of Houston and Jose Coronado under 43 U.S.C. § 1983 for violating their rights under the Fourth and Fifth Amendments. They have also sued Hospitality USA Investment Group – the owner of Sherlock's – for serving Coronado drinks despite recognizing that he was dangerously drunk.

3. *City of Houston.*

A city is liable for acts by its agents that are directly attributable to it through some official action or imprimatur.[1] Rodriguez says that Houston had (a) conflicting policies about whether drunk policemen must intervene to stop a crime; (b) did not effectively train Coronado, (c) did not supervise him, and (d) did not effectively discipline its officers.

A. *Policies.*

An ordinance in Houston says that policemen may not exercise their authority while under the influence of alcohol.[2] To emphasize this categorical prohibition, the Houston Police

---

[1] *See* 42 U.S.C. § 1983; James v. Harris County, 577 F.3d 612, 617 (5th Cir. 2009).

[2] Houston City Code Sec. 34-4; HPD General Order 300-28.

Department has two standing orders telling officers not to intervene when they are drunk.[3] Coronado violated these policies.

Houston policemen are, however, "considered to be police officers 24 hours a day, 7 days a week."[4] Rodriguez – through her technician G. Patrick Gallagher – says that this language places an impossible burden on drunk policeman to decide whether to intervene. It does not. The city emphatically orders its officers to abstain.

Gallagher says that Houston needs a separate policy governing how its policemen should behave when they are not at work. More bureaucratic paperwork and regulations will only increase the likelihood of confusion. Whether an officer is at work or not, he should not risk hurting himself or others if he has had alcohol.

The expectation that officers will behave professionally even when they are not working does not mean that policemen must always intervene – much less intervene with violence. Officers can respond to a crime by being a "good witness."[5] When they are not at work, they are not even required to carry their gun.[6]

The people of Houston have high expectations for their policemen. Their behavior should instill trust and respect. The city's insistence that officers will be held to the same standard – whether at work or not – reinforces this idea. Its policy about alcohol is not confusing or conflicted. Coronado simply ignored it.

B. *Training.*

Rodriguez says that this shooting would not have happened if Houston had properly trained Coronado. Although training is important, an infinitude of it is counterproductive. She does not specify what exactly was deficient about his training.

At time of the shooting, Coronado had completed more than 3,000 hours of training – enough to be considered an "advanced" policeman. He had been an officer for more than ten years, completed continuing education classes, and worked at three other stations.

---

[3] General Order 400-05; General Order 400-06.

[4] General Order 400-05.

[5] General Order 200-08.

[6] General Order 400-05.

When Coronado was hired by Houston in 2006, he went back to the police academy. He attended another 13 weeks of training because Houston demands more of its officers than Texas mandates. Among other things, he learned about the use of force and off-duty decorum.

C.   *Discipline.*

Rodriguez says that policemen in Houston are too violent and that the city – by not disciplining its officers – ratifies their misconduct. In the past six years, the city has received 706 complaints about excessive force. It has only disciplined 15 officers.

These statistics show nothing in the abstract. The Houston Police Department is the fifth biggest in the United States. It has 5,300 officers and 1,300 civilian employees. 115 complaints per year represents at most 2% of its staff. Rodriguez has not said how this rate of complaining compares to other major cities in the United States.

Neither Rodriguez nor the court has examined the details of each complaint. Without this data, the court will not infer that the city was wrong – much less deliberately indifferent. The vast majority of these complaints could be meretricious rants.

D.   *Supervision.*

Rodriguez says that the quantum of complaints about excessive force in Houston shows that the city does not properly supervise its officers. She has not even described its chain of command – much less identified how its supervision is flawed. For the same reasons as before, the court will not infer wholly unproven facts.

4.   *Sherlock's.*

In Texas, a bar is liable for damage proximately caused by a person that it served who was obviously drunk. Bars are also obliged to keep their premises reasonably safe. If they negligently sell a patron too many drinks, they may be held liable for his actions.

The doorman, William Swick, and a bartender, Lauren Gilmore, testified that Coronado was noticeably drunk. Gilmore said that she offered him water, but he "growled" at her that he did not want it. A juror could conclude that, by selling Coronado too many drinks, Sherlock's

did not keep its patrons reasonably safe. The motion for judgment by Hospitality USA will be denied.[7]

5.  *Conclusion.*

No amount of training, supervision, discipline, or bureaucratic regulations will stop every accident. Coronado's choice to intervene while drunk was categorically prohibited, but he acted anyway. The consequences – like the choice – are his to bear.

Rolando Ventura, Rosa Rodriguez, Cristina Martinez, and Wilfredo Ventura will take nothing from the City of Houston. The motion for judgment by Hospitality USA Investment Group will be denied.

Signed on August 15, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[7] Tex. Alco. Bev. Code Ann. § 2.02.